1  TRACY L. WILKISON
   United States Attorney
2  SCOTT M. GARRINGER
   Assistant United States Attorney
3  Chief, Criminal Division
   JENA A. MACCABE (Cal. Bar No. 316637)
4  Assistant United States Attorney
   General Crimes Section
5       1200 United States Courthouse
        312 North Spring Street
6       Los Angeles, California 90012
        Telephone: (213) 894-5046
7       Facsimile: (213) 894-0141
        E-mail:   jena.maccabe@usdoj.gov
8
   Attorneys for Plaintiff
9  UNITED STATES OF AMERICA

10                 UNITED STATES DISTRICT COURT

11            FOR THE CENTRAL DISTRICT OF CALIFORNIA

12  UNITED STATES OF AMERICA,          No. CR 21-00365-JFW

13          Plaintiff,                 PLEA AGREEMENT FOR DEFENDANT
                                       DANIEL GARCIA
14              v.

15  DANIEL GARCIA,

16          Defendant.

17

18      1.   This constitutes the conditional plea agreement between

19  DANIEL GARCIA ("defendant") and the United States Attorney's Office

20  for the Central District of California (the "USAO") in the above-

21  captioned case pursuant to Federal Rule of Criminal Procedure

22  11(a)(2).  This agreement is limited to the USAO and cannot bind any

23  other federal, state, local, or foreign prosecuting, enforcement,

24  administrative, or regulatory authorities.

25                      DEFENDANT'S OBLIGATIONS

26      2.   Defendant agrees to:

27          a.   At the earliest opportunity requested by the USAO and

28  provided by the Court, appear and plead guilty to the single-count

1 | indictment in <u>United States v. Daniel Garcia</u>, CR No. 21-00365-JFW,
2 | which charges defendant with Possession with Intent to Distribute
3 | Methamphetamine in violation of 21 U.S.C. §§ 841(a)(1),
4 | (b)(1)(A)(viii).
5 |     b.  Not contest facts agreed to in this agreement.
6 |     c.  Abide by all agreements regarding sentencing contained
7 | in this agreement.
8 |     d.  Appear for all court appearances, surrender as ordered
9 | for service of sentence, obey all conditions of any bond, and obey
10 | any other ongoing court order in this matter.
11 |     e.  Not commit any crime; however, offenses that would be
12 | excluded for sentencing purposes under United States Sentencing
13 | Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not
14 | within the scope of this agreement.
15 |     f.  Be truthful at all times with the United States
16 | Probation and Pretrial Services Office and the Court.
17 |     g.  Pay the applicable special assessment at or before the
18 | time of sentencing unless defendant has demonstrated a lack of
19 | ability to pay such assessments.
20 |   3.  Defendant and the USAO agree that defendant's entry of a
21 | guilty plea pursuant to paragraph 2(a) above will be conditional, in
22 | that defendant reserves the right, on appeal from the judgment, to
23 | seek review of the adverse determination of the specific claims
24 | raised in his motion to suppress filed on January 3, 2022 at Docket
25 | Number 23.  If defendant prevails on appeal, defendant will be
26 | allowed to withdraw defendant's guilty plea.
27 | THE USAO'S OBLIGATIONS
28 |   4.  The USAO agrees to:

1          a.   Not contest facts agreed to in this agreement.

2          b.   Abide by all agreements regarding sentencing contained

3    in this agreement.

4          c.   At the time of sentencing, provided that defendant

5    demonstrates an acceptance of responsibility for the offense up to

6    and including the time of sentencing, recommend a two-level reduction

7    in the applicable Sentencing Guidelines offense level, pursuant to

8    U.S.S.G. § 3E1.1, and recommend and, if necessary, move for an

9    additional one-level reduction if available under that section.

10                        NATURE OF THE OFFENSE

11        5.   Defendant understands that for defendant to be guilty of

12   the crime charged in the single-count indictment, that is, Possession

13   with Intent to Distribute Methamphetamine, in violation of Title 21,

14   United States Code, Section 841(a)(1), (b)(1)(A)(viii), the following

15   must be true: (1) defendant knowingly possessed methamphetamine; and

16   (2) defendant possessed it with the intent to distribute it to

17   another person.

18        6.   Defendant understands that for defendant to be subject to

19   the statutory maximum and statutory minimum sentence set forth below,

20   the government must prove beyond a reasonable doubt that defendant

21   possessed with the intent to distribute at least 50 grams of actual

22   methamphetamine.  Defendant admits that defendant, in fact, possessed

23   with the intent to distribute at least 50 grams of actual

24   methamphetamine, as described in the single-count indictment.

25                            PENALTIES

26        7.   Defendant understands that the statutory maximum sentence

27   that the Court can impose for a violation of Title 21, United States

28   Code, Section 841(a), (b)(1)(A)(viii) is: life imprisonment; a

                                   3

1  lifetime period of supervised release; a fine of $10,000,000 or twice
2  the gross gain or gross loss resulting from the offense, whichever is
3  greatest; and a mandatory special assessment of $100.

4      8.   Defendant understands that, absent a determination by the
5  Court that defendant's case satisfies the criteria set forth in 18
6  U.S.C. § 3553(f), the statutory mandatory minimum sentence that the
7  Court must impose for a violation of Title 21, United States Code,
8  Section 841(a), (b)(1)(A)(viii) is: ten years' imprisonment, followed
9  by a four-year period of supervised release, and a mandatory special
10 assessment of $100.

11     9.   Defendant understands that supervised release is a period
12 of time following imprisonment during which defendant will be subject
13 to various restrictions and requirements.  Defendant understands that
14 if defendant violates one or more of the conditions of any supervised
15 release imposed, defendant may be returned to prison for all or part
16 of the term of supervised release authorized by statute for the
17 offense that resulted in the term of supervised release.

18     10.  Defendant understands that under 21 U.S.C. § 862a,
19 defendant will not be eligible for assistance under state programs
20 funded under the Social Security Act or Federal Food Stamp Act or for
21 federal food stamp program benefits, and that any such benefits or
22 assistance received by defendant's family members will be reduced to
23 reflect defendant's ineligibility.

24     11.  Defendant understands that, by pleading guilty, defendant
25 may be giving up valuable government benefits and valuable civic
26 rights, such as the right to vote, the right to possess a firearm,
27 the right to hold office, and the right to serve on a jury. Defendant
28 understands that he is pleading guilty to a felony and that it is a

4

1   federal crime for a convicted felon to possess a firearm or
2   ammunition.  Defendant understands that the conviction in this case
3   may also subject defendant to various other collateral consequences,
4   including but not limited to revocation of probation, parole, or
5   supervised release in another case and suspension or revocation of a
6   professional license.  Defendant understands that unanticipated
7   collateral consequences will not serve as grounds to withdraw
8   defendant's guilty plea.

9        12.  Defendant and his counsel have discussed the fact that, and
10  defendant understands that, if defendant is not a United States
11  citizen, the conviction in this case makes it practically inevitable
12  and a virtual certainty that defendant will be removed or deported
13  from the United States.  Defendant may also be denied United States
14  citizenship and admission to the United States in the future.
15  Defendant understands that while there may be arguments that
16  defendant can raise in immigration proceedings to avoid or delay
17  removal, removal is presumptively mandatory and a virtual certainty
18  in this case.  Defendant further understands that removal and
19  immigration consequences are the subject of a separate proceeding and
20  that no one, including his attorney or the Court, can predict to an
21  absolute certainty the effect of his conviction on his immigration
22  status.  Defendant nevertheless affirms that he wants to plead guilty
23  regardless of any immigration consequences that his plea may entail,
24  even if the consequence is automatic removal from the United States.

25                              FACTUAL BASIS

26       13.  Defendant admits that defendant is, in fact, guilty of the
27  offense to which defendant is agreeing to plead guilty.  Defendant
28  and the USAO agree to the statement of facts provided below and agree

                                    5

that this statement of facts is sufficient to support a plea of guilty to the charge described in this agreement and to establish the Sentencing Guidelines factors set forth in paragraph 15 below but is not meant to be a complete recitation of all facts relevant to the underlying criminal conduct or all facts known to either party that relate to that conduct.

On or about July 2, 2021, in Los Angeles County, within the Central District of California, defendant knowingly and intentionally possessed with intent to distribute at least 50 grams, that is, approximately 10.943 kilograms of actual methamphetamine, a Schedule II controlled substance.  Specifically, on that day, defendant was driving in Burbank, California with approximately 10.913 kilograms of methamphetamine in multiple plastic bags all inside a laundry bag in the trunk of his car.  Subsequent lab reports confirmed that the methamphetamine was 100% pure.  At that time, defendant knew that the controlled substance he possessed with the intent to distribute in the trunk of his car was methamphetamine.  In the car with him in the front console defendant possessed a Tupperware container with an additional 31 grams of methamphetamine that was 99% pure, or 30 grams of actual methamphetamine, that he also intended to distribute. Defendant also had in his car numerous hand-written pay/owe sheets documenting his drug sales as well as other tools for use in the sale of drugs, including scales and plastic baggies.  Defendant had another pipe in his pocket.  Additionally, in his bags, defendant had a folded-up piece of foil with cocaine inside.

In total, the actual methamphetamine that defendant possessed with intent to distribute weighed at least approximately 10.943 kilograms.

1                          SENTENCING FACTORS

2          14.  Defendant understands that in determining defendant's

3     sentence the Court is required to calculate the applicable Sentencing

4     Guidelines range and to consider that range, possible departures

5     under the Sentencing Guidelines, and the other sentencing factors set

6     forth in 18 U.S.C. § 3553(a).  Defendant understands that the

7     Sentencing Guidelines are advisory only, that defendant cannot have

8     any expectation of receiving a sentence within the calculated

9     Sentencing Guidelines range, and that after considering the

10    Sentencing Guidelines and the other § 3553(a) factors, the Court will

11    be free to exercise its discretion to impose any sentence it finds

12    appropriate between the mandatory minimum and up to the maximum set

13    by statute for the crime of conviction.

14         15.  Defendant and the USAO agree to the following applicable

15    Sentencing Guidelines factors:

16         Base Offense Level:              38      U.S.S.G. § 2D1.1(a)(5),

17                                                  (c)(1)

18    Defendant and the USAO reserve the right to argue that additional

19    specific offense characteristics, adjustments, and departures under

20    the Sentencing Guidelines are appropriate.  Defendant understands

21    that defendant's offense level could be increased if defendant is a

22    career offender under U.S.S.G. §§ 4B1.1 and 4B1.2.  If defendant's

23    offense level is so altered, defendant and the USAO will not be bound

24    by the agreement to Sentencing Guideline factors set forth above.

25         16.  Defendant and the USAO agree that:

26         a.    Defendant did not use violence or credible threats of

27    violence or possess a firearm or other dangerous weapon (or induce

28    another participant to do so) in connection with the offense;

                                  7

b.   The offense did not result in death or serious bodily injury to any person; and

c.   Defendant was not an organizer, leader, manager, or supervisor of others in the offense and was not engaged in a continuing criminal enterprise.

17.   Because the safety valve criteria in U.S.S.G. § 5C1.2(a)(1) has not been updated to match the language of 18 U.S.C. § 3553(f)(1), if the Court determines that defendant's case satisfies the criteria in 18 U.S.C. § 3553(f), but does not satisfy the criteria for a two-level reduction under U.S.S.G. § 2D1.1(b)(18) (referencing the criteria set forth in U.S.S.G. § 5C1.2(a)(1)), the government will recommend a two-level downward variance to defendant's Sentencing Guidelines range based on the factors set forth in 18 U.S.C. § 3553(a).  By making any such recommendation, the government does not waive any objection to the Court's determination that the criteria in 18 U.S.C. § 3553(f) have been satisfied.  If the government makes a two-level variance recommendation as described herein, defendant agrees not to seek a further reduced sentence pursuant to 18 U.S.C. § 3582(c)(2) in the event the United States Sentencing Commission amends U.S.S.G. § 5C1.2(a)(1) to match the language of 18 U.S.C. § 3553(f)(1).

18.   Defendant understands that there is no agreement as to defendant's criminal history or criminal history category.

19.   Defendant and the USAO reserve the right to argue for a sentence outside the sentencing range established by the Sentencing Guidelines based on the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2), (a)(3), (a)(6), and (a)(7).

1                 WAIVER OF CONSTITUTIONAL RIGHTS

2      20.  Defendant understands that by pleading guilty, defendant

3 gives up the following rights:

4           a.   The right to persist in a plea of not guilty.

5           b.   The right to a speedy and public trial by jury.

6           c.   The right to be represented by counsel -- and if

7 necessary have the Court appoint counsel -- at trial.  Defendant

8 understands, however, that, defendant retains the right to be

9 represented by counsel -- and if necessary have the Court appoint

10 counsel -- at every other stage of the proceeding.

11           d.   The right to be presumed innocent and to have the

12 burden of proof placed on the government to prove defendant guilty

13 beyond a reasonable doubt.

14           e.   The right to confront and cross-examine witnesses

15 against defendant.

16           f.   The right to testify and to present evidence in

17 opposition to the charges, including the right to compel the

18 attendance of witnesses to testify.

19           g.   The right not to be compelled to testify, and, if

20 defendant chose not to testify or present evidence, to have that

21 choice not be used against defendant.

22           h.   Any and all rights to pursue any affirmative defenses,

23 Fourth Amendment or Fifth Amendment claims, and other pretrial

24 motions that have been filed or could be filed, with the exception of

25 the grounds specifically reserved in paragraph 3 above.

26             WAIVER OF APPEAL OF CONVICTION

27      21.  Defendant understands that, with the exception of an appeal

28 based on a claim that defendant's guilty plea was involuntary, or an

1  appeal on the grounds specifically reserved in paragraph 3 above, by

2  pleading guilty defendant is waiving and giving up any right to

3  appeal defendant's conviction on the offense to which defendant is

4  pleading guilty.  Defendant understands that this waiver includes,

5  but is not limited to, arguments that the statute to which defendant

6  is pleading guilty is unconstitutional, and any and all claims that

7  the statement of facts provided herein is insufficient to support

8  defendant's plea of guilty.

9  LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE AND COLLATERAL ATTACK

10      22.  Defendant agrees that, provided the Court imposes a total

11  term of imprisonment within or below the range corresponding to an

12  offense level of 33 and the criminal history calculated by the Court,

13  or 120 months, whichever is higher, defendant gives up the right to

14  appeal all of the following: (a) the procedures and calculations used

15  to determine and impose any portion of the sentence; (b) the term of

16  imprisonment imposed by the Court; (c) the fine imposed by the Court,

17  provided it is within the statutory maximum; (d) to the extent

18  permitted by law, the constitutionality or legality of defendant's

19  sentence, provided it is within the statutory maximum; (e) the term

20  of probation or supervised release imposed by the Court, provided it

21  is within the statutory maximum; and (f) any of the following

22  conditions of probation or supervised release imposed by the Court:

23  the conditions set forth in Second Amended General Order 20-04 of

24  this Court; the drug testing conditions mandated by 18 U.S.C.

25  §§ 3563(a)(5) and 3583(d); and the alcohol and drug use conditions

26  authorized by 18 U.S.C. § 3563(b)(7).

27      23.  Defendant also gives up any right to bring a post-

28  conviction collateral attack on the conviction or sentence, except a

1    post-conviction collateral attack based on a claim of ineffective

2    assistance of counsel, a claim of newly discovered evidence, or an

3    explicitly retroactive change in the applicable Sentencing

4    Guidelines, sentencing statutes, or statutes of conviction.

5    Defendant understands that this waiver includes, but is not limited

6    to, arguments that the statute to which defendant is pleading guilty

7    is unconstitutional, and any and all claims that the statement of

8    facts provided herein is insufficient to support defendant's plea of

9    guilty.

10       24.   The USAO agrees that, provided (a) all portions of the

11   sentence are at or below the statutory maximum specified above and

12   (b) the Court imposes a term of imprisonment within or above the

13   range corresponding to an offense level of 33 and the criminal

14   history calculated by the Court, the USAO gives up its right to

15   appeal any portion of the sentence.

16                 RESULT OF WITHDRAWAL OF GUILTY PLEA

17       25.   Defendant agrees that if, after entering a guilty plea

18   pursuant to this agreement, defendant seeks to withdraw and succeeds

19   in withdrawing defendant's guilty plea on any basis other than a

20   claim and finding that entry into this plea agreement was

21   involuntary, then the USAO will be relieved of all of its obligations

22   under this agreement.

23                   EFFECTIVE DATE OF AGREEMENT

24       26.   This agreement is effective upon signature and execution of

25   all required certifications by defendant, defendant's counsel, and an

26   Assistant United States Attorney.

27

28

                                 11

1                    BREACH OF AGREEMENT

2       27.   Defendant agrees that if defendant, at any time after the

3  signature of this agreement and execution of all required

4  certifications by defendant, defendant's counsel, and an Assistant

5  United States Attorney, knowingly violates or fails to perform any of

6  defendant's obligations under this agreement ("a breach"), the USAO

7  may declare this agreement breached.  All of defendant's obligations

8  are material, a single breach of this agreement is sufficient for the

9  USAO to declare a breach, and defendant shall not be deemed to have

10 cured a breach without the express agreement of the USAO in writing.

11 If the USAO declares this agreement breached, and the Court finds

12 such a breach to have occurred, then: (a) if defendant has previously

13 entered a guilty plea pursuant to this agreement, defendant will not

14 be able to withdraw the guilty plea, and (b) the USAO will be

15 relieved of all its obligations under this agreement.

16        COURT AND UNITED STATES PROBATION AND PRETRIAL SERVICES

17                      OFFICE NOT PARTIES

18      28.   Defendant understands that the Court and the United States

19 Probation and Pretrial Services Office are not parties to this

20 agreement and need not accept any of the USAO's sentencing

21 recommendations or the parties' agreements to facts or sentencing

22 factors.

23      29.   Defendant understands that both defendant and the USAO are

24 free to: (a) supplement the facts by supplying relevant information

25 to the United States Probation and Pretrial Services Office and the

26 Court, (b) correct any and all factual misstatements relating to the

27 Court's Sentencing Guidelines calculations and determination of

28 sentence, and (c) argue on appeal and collateral review that the

1  Court's Sentencing Guidelines calculations and the sentence it

2  chooses to impose are not error, although each party agrees to

3  maintain its view that the calculations in paragraph 15 are

4  consistent with the facts of this case.  While this paragraph permits

5  both the USAO and defendant to submit full and complete factual

6  information to the United States Probation and Pretrial Services

7  Office and the Court, even if that factual information may be viewed

8  as inconsistent with the facts agreed to in this agreement, this

9  paragraph does not affect defendant's and the USAO's obligations not

10 to contest the facts agreed to in this agreement.

11      30.  Defendant understands that even if the Court ignores any

12 sentencing recommendation, finds facts or reaches conclusions

13 different from those agreed to, and/or imposes any sentence up to the

14 maximum established by statute, defendant cannot, for that reason,

15 withdraw defendant's guilty plea, and defendant will remain bound to

16 fulfill all defendant's obligations under this agreement.  Defendant

17 understands that no one -- not the prosecutor, defendant's attorney,

18 or the Court -- can make a binding prediction or promise regarding

19 the sentence defendant will receive, except that it will be within

20 the statutory maximum.

21                    NO ADDITIONAL AGREEMENTS

22      31.  Defendant understands that, except as set forth herein,

23 there are no promises, understandings, or agreements between the USAO

24 and defendant or defendant's attorney, and that no additional

25 promise, understanding, or agreement may be entered into unless in a

26 writing signed by all parties or on the record in court.

27

28

1        <u>PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING</u>

2        32.   The parties agree that this agreement will be considered

3    part of the record of defendant's guilty plea hearing as if the

4    entire agreement had been read into the record of the proceeding.

5    AGREED AND ACCEPTED

6    UNITED STATES ATTORNEY'S OFFICE
     FOR THE CENTRAL DISTRICT OF
7    CALIFORNIA

8    TRACY L. WILKISON
     United States Attorney

9

10   _____        02-25-2022
                                             _____
     JENA A. MACCABE                         Date
11   Assistant United States Attorney

12   _____        02-25-2022
                                             _____
     DANIEL GARCIA                           Date
13   Defendant

14   _____        02-25-2022
                                             _____
     ERIN M. MURPHY                          Date
15   FERMIN C. VARGAS
     Deputy Federal Public Defenders
16   Attorneys for Defendant
     DANIEL GARCIA
17

18

19

20

21

22

23

24

25

26

27

28

                                    14

CERTIFICATION OF DEFENDANT

I have read this agreement in its entirety.  I have had enough time to review and consider this agreement, and I have carefully and thoroughly discussed every part of it with my attorney.  I understand the terms of this agreement, and I voluntarily agree to those terms. I have discussed the evidence with my attorney, and my attorney has advised me of my rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement.  No promises, inducements, or representations of any kind have been made to me other than those contained in this agreement.  No one has threatened or forced me in any way to enter into this agreement.  I am satisfied with the representation of my attorney in this matter, and I am pleading guilty because I am guilty of the charge and wish to take advantage of the promises set forth in this agreement, and not for any other reason.

_____        02-25-2022
DANIEL GARCIA                             Date
Defendant

15

1          <u>CERTIFICATION OF DEFENDANT'S ATTORNEY</u>

2          I am DANIEL GARCIA's attorney.  I have carefully and thoroughly

3    discussed every part of this agreement with my client.  Further, I

4    have fully advised my client of his rights, of possible pretrial

5    motions that might be filed, of possible defenses that might be

6    asserted either prior to or at trial, of the sentencing factors set

7    forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines

8    provisions, and of the consequences of entering into this agreement.

9    To my knowledge: no promises, inducements, or representations of any

10   kind have been made to my client other than those contained in this

11   agreement; no one has threatened or forced my client in any way to

12   enter into this agreement; my client's decision to enter into this

13   agreement is an informed and voluntary one; and the factual basis set

14   forth in this agreement is sufficient to support my client's entry of

15   a guilty plea pursuant to this agreement.

16

17   _____          02-25-2022
     ERIN M. MURPHY                             Date
     FERMIN C. VARGAS
18   Deputy Federal Public Defenders
     Attorneys for Defendant
19   DANIEL GARCIA

20

21

22

23

24

25

26

27

28

                                   16